IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA,           )
                                    )
            Plaintiff,              )   CR. NO. 09-156
                                    )
     vs.                            )
                                    )
SHERMAN ALAN TURNER,                )
                                    )
            Defendant.              )
_____)


TRANSCRIPT OF PLEA

June 2, 2009


---


BEFORE:     THE HONORABLE GERALD BRUCE LEE
            UNITED STATES DISTRICT JUDGE


APPEARANCES:

FOR THE GOVERNMENT:  OFFICE OF THE UNITED STATES ATTORNEY
                     BY: J. CAM BARKER, ESQ.
                         JOHN EISINGER, ESQ.
                     2100 Jamieson Ave.
                     Alexandria, Virginia  22314


FOR THE DEFENDANT:   OFFICE OF THE FEDERAL PUBLIC DEFENDER
                     BY: AAMRA AHMAD, ESQ.
                         TODD RICHMAN, ESQ.



---


OFFICIAL COURT REPORTER: RENECIA A. SMITH-WILSON,RMR,CRR
                         U.S. District Court
                         401 Courthouse Square
                         Alexandria, VA  22314

1          (Thereupon, the following was heard in open

2     court at 11:10 a.m.)

3          THE CLERK:  1:09 criminal 156, United States

4     versus Sherman Alan Turner.

5          MR. BARKER:  Good morning, Your Honor.  Cam

6     Barker and John Eisinger for the United States.

7          THE COURT:  Good morning.

8          MS. AHMAD:  Aamra Ahmad and Todd Richman on

9     behalf of Mr. Turner who is present.

10          THE COURT:  Good morning.

11          Good morning, Mr. Turner.

12          MR. TURNER:  Good morning.

13          THE COURT:  Mr. Turner, if you'd come to the

14     podium with your lawyers, please, and can I have the

15     original documents, please.

16          Good morning, Mr. Turner.

17          MR. TURNER:  Good morning, sir.

18          THE COURT:  I understand you want to plead

19     guilty today; is that right?

20          MR. TURNER:  Yes, sir.

21          THE COURT:  What I'd like to do is I'd like

22     to review with you all the documents that you signed to

23     make sure you understand the documents and to make sure

24     you understand your rights.

25          The first thing I'll need you to do is to

1  take the oath from the clerk and promise to tell the truth

2  under penalty of law when I ask you questions.

3         THE CLERK:  Please raise your right hand.

4         THEREUPON, SHERMAN ALAN TURNER, having been

5  duly sworn, testified as follows:

6         MR. TURNER:  Yes, I do.

7         THE COURT:  All right, Mr. Turner, I intend

8  to ask you questions.  If at any time you have any

9  difficulty understanding me or understanding my questions,

10  please let me know.  And if at any time you want to speak

11  to your lawyers about my questions, please let me know,

12  okay.

13         MR. TURNER:  Okay.

14         THE COURT:  What is your full name?

15         MR. TURNER:  My name is Sherman Alan Turner.

16         MR. BARKER:  And Mr. Turner, how old are

17  you?

18         MR. TURNER:  I'm 49 years old.

19         THE COURT:  And how far did you go in

20  school?

21         MR. TURNER:  I completed the eleventh grade.

22  I ended up getting my GED while I was in the Army.

23         THE COURT:  Have you had any drugs or

24  alcohol before coming to court today?

25         MR. TURNER:  No, sir.

1             THE COURT:  And are you under the care of
2  any mental health professional for any mental health
3  problem?

4             MR. TURNER:  No, sir.

5             THE COURT:  I see that you're standing there
6  with Ms. Aamra Ahmad and Mr. Todd Richman, attorneys.

7             Do you understand you have the right to have
8  an attorney defend you in your case?

9             MR. TURNER:  Yes, sir.

10          THE COURT:  And did you have sufficient time
11  to discuss the case with your lawyers?

12          MR. TURNER:  Yes, I have.

13          THE COURT:  And have you told them
14  everything that you know about the case?

15          MR. TURNER:  Yes, I have.

16          THE COURT:  And after discussing the case
17  with your lawyers, did you decide for yourself that you
18  wanted to plead guilty?

19          MR. TURNER:  Yes, I did.

20          THE COURT:  Did anyone threaten you or force
21  you to plead guilty?

22          MR. TURNER:  No, sir.

23          THE COURT:  Did anyone make any promise to
24  you that by pleading guilty you would get probation or
25  some other sentence?

1              MR. TURNER:  No, sir.

2              THE COURT:  And are you entirely satisfied

3    with the work your lawyers have done for you?

4              MR. TURNER:  Yes, thus far.

5              THE COURT:  Now, as I understand it,

6    Mr. Turner, today you've agreed to plead guilty to the

7    charge that's contained in the indictment, possession of

8    firearm by a felon.

9              The indictment charges that on or about

10   January 9, 2009 in Fairfax County, within the Eastern

11   District of Virginia, that you, Mr. Turner, then having

12   been convicted of a crime punishable by imprisonment for a

13   term exceeding one year, namely a crime of robbery, did

14   knowingly and unlawful possess in and affecting commerce a

15   firearm, to wit, a nine-millimeter Glock handgun.

16             So, do you understand the charge against you

17   is one of possession of a firearm by a convicted felon?

18             MR. TURNER:  Yes, sir.

19             THE COURT:  Now I have another document

20   here, Mr. Turner.  It's called plea agreement.  I'm

21   showing it to you now.  It appears to be ten pages long.

22   It appears to be signed on page ten by you and Mr.

23   Richman.

24             Is that your signature on page ten?

25             MR. TURNER:  Yes.

1          THE COURT:  And have you had sufficient time
2     to review the plea agreement with your lawyers?

3          MR. TURNER:  Yes, I have.

4          THE COURT:  Now, Mr. Turner, the plea
5     agreement is your contract with the government about this
6     case.  It tells me what you and your lawyers have agreed
7     to with the government attorneys about how this case is
8     going to be handled here in court.

9          Every word in the written plea agreement's
10    important because it affects your rights.

11         And what I intend to do now is go over
12    certain parts of the written plea agreement with you, and
13    there may be pages or paragraphs I may not review with you
14    or discuss with you.  And the fact I do not read a
15    particular page or paragraph does not mean that those
16    items are not important.  The whole agreement is important
17    and the whole agreement are what you and the government
18    agreed to do.

19         Do you understand that?

20         MR. TURNER:  Yes, sir.

21         THE COURT:  Now, do you have a copy of the
22    agreement in front of you now?

23         MR. TURNER:  Yes, I do.

24         THE COURT:  All right.  Well let's start
25    with page one, paragraph one, because that's what you've

1    agreed to do.  It says here the defendant, and that's you,

2    Mr. Turner, agrees to plead guilty to the one count

3    indictment charging the defendant with possessing a

4    firearms after having been convicted of a crime punishable

5    by more than one year of imprisonment.

6            The maximum penalty for this offense is ten

7    years imprisonment, a fine of $250,000, a special

8    assessment of $100 and three years of supervised release

9    except if the defendant violated 922(g) after having three

10    prior convictions for a violent felony or serious drug

11    offense committed on occasions different from one another,

12    the offense carries a mandatory minimum penalty of term of

13    imprisonment of 15 years and a mandatory fine and a

14    maximum penalty of life, a fine of $250,000, a special

15    assessment of $100, and five years of supervised release.

16            So, do you understand this is the charge

17    you've agreed to plead guilty to?

18            MR. TURNER:  Yes, sir.

19            THE COURT:  And do you understand the

20    penalty is what I just read to you?

21            MR. TURNER:  Yes, I do.

22            THE COURT:  Let's go over to page three,

23    paragraph four, page three, paragraph four.

24            This refers to the role of the Court and the

25    role of the probation office.

1          And the fourth line down talks about any

2     estimate of the advisory sentencing range under the United

3     States Sentencing Commission Sentencing Guidelines manual.

4          Now I'm sure that your lawyers have

5     explained to you that the Sentencing Guidelines are

6     advisory.  And they set forth a range of punishment I'm to

7     consider along with the mandatory minimum sentence called

8     for by the statute.

9          Ms. Ahmad, have you given Mr. Turner a worse

10    case scenario estimate of what the advisory guideline

11    range of punishment is in this case?

12          MS. AHMAD:  Yes, Your Honor.  I told him

13    that if the act does not apply and he gets credit for

14    acceptance that his guideline range would be 27 months to

15    33 months.

16          However, if the act does apply, his

17    guideline range would be 135 months to 168 months, but the

18    mandatory minimum of 15 years would apply.

19          THE COURT:  But the mandatory minimum

20    15 years would supersede that?

21          MS. AHMAD:  Yes, Your Honor.

22          THE COURT:  Okay, Mr. Turner.

23          MR. TURNER:  Yes, sir.

24          THE COURT:  Ms. Ahmad and Mr. Richman are

25    very experienced criminal defense attorneys.  They've

1    handle many, many cases and what they have done is to tell

2    you and tell me and tell the prosecutor what they think

3    the advisory guideline range of punishment may be in this

4    case, worst case scenario for you.

5              Do you understand that?

6              MR. TURNER:  Yes, sir.

7              THE COURT:  However, we do not know today

8    what the actual guideline range of punishment may be

9    because the probation officer who works for the judge will

10   have to gather information from you and your lawyers and

11   the police and the prosecutor and prepare a written

12   presentence report.

13             That presentence report will be provided to

14   you and your lawyers and the government attorneys.  Your

15   lawyers and the government attorneys will have a chance to

16   comment on the report.  And after I've heard from both

17   sides then I will decide what the actual guideline range

18   of punishment is and whether or not the mandatory minimum

19   of 15 years or some other sentence would apply.

20             Do you understand that?

21             MR. TURNER:  Yes, sir.

22             THE COURT:  And if it turns out that the

23   guideline range is higher than estimated for you by your

24   lawyers, that is not a basis to come back to court and say

25   I want to withdraw my guilty plea.

1          Do you understand that?

2          MR. TURNER:  Yes, sir.

3          THE COURT:  Let's go over to page five --

4    page four, I'm sorry, page four, paragraph five.  Page

5    four, paragraph five.

6          Now, paragraph six talks about a conditional

7    guilty plea.  So, this means that you're going to be

8    allowed to plead guilty, however, reserve your right to

9    appeal the ruling that I entered on May 19th concerning

10   your motion to suppress.  That is to say, you'll be

11   allowed to challenge the legality of the contact you had

12   with the police under the Fourth Amendment and present

13   argument to three judges of the Court of Appeals.  And if

14   those three judges decide to reverse my ruling, then the

15   case will come back and you would be allowed to withdraw

16   your guilty plea.

17          Do you understand that?

18          MR. TURNER:  Yes, sir.

19          THE COURT:  Now, paragraph five talks about

20   waiver of appeal.  And this is obviously subject to what

21   happens in connection with the motion to suppress.  And it

22   also says in here that you retain the right to appeal any

23   sentence of more than ten years if it's imposed under the

24   Armed Career Criminal Act.  So you'll be able to challenge

25   that legal issue on appeal before those three judges of

1    the Court of Appeals as well.

2                   Do you understand that?

3                   MR. TURNER:  Yes, sir.

4                   THE COURT:  Let's go over to page six,

5    paragraph ten.  Paragraph ten refers to immunity from

6    further prosecution in this district.  So the government's

7    agreed to accept your plea of guilty to this one charge

8    and not to bring any more charges against you.

9                   Do you understand that?

10                   MR. TURNER:  Yes, sir.

11                   THE COURT:  Paragraph eleven talks about

12   forfeiture and that is you've agreed to turn over to the

13   government this nine-millimeter Glock pistol as well as

14   the ten rounds of nine-millimeter ammunition found in the

15   gun.

16                   Do you understand that?

17                   MR. TURNER:  Yes, sir.

18                   THE COURT:  What I'd like to do now,

19   Mr. Turner, is explain to you the rights you would have

20   had you decided to go to trial on a plea of not guilty.

21   These rights are in the plea agreement and they're on page

22   two, paragraph three.

23                   And what I'm going to do is explain these

24   rights to you.  I'm sure Ms. Ahmad and Mr. Richman have

25   gone over these rights with you.

1          Page two, paragraph three, they deal with

2    the assistance and advice of counsel.  So I'm going to

3    invite Mr. Barker and Mr. Eisinger and Mr. Richman and

4    Ms. Ahmad to listen.  I'm going to explain these rights to

5    you.  I'm not going to follow them exactly as they're set

6    forth in the plea agreement.

7          If you have any questions, please tell me.

8    And if I'm speaking too fast, please tell me, okay?

9          MR. TURNER:  Yes, sir.

10         THE COURT:  On a plea of not guilty, you're

11   presumed to be innocent.  That means you're not required

12   to testify.  You're not required to prove that you're

13   innocent.  You're not required to bring witnesses to

14   court.  And your lawyer's not required to question any

15   witness because on a plea of not guilty, you have the

16   absolute right to remain silent and require the government

17   attorney to bring witnesses to court and to present those

18   witnesses under oath before a judge or a jury and to prove

19   that you're guilty of the charge by what's called proof

20   beyond a reasonable doubt.

21         Do you understand that?

22         MR. TURNER:  Yes, sir.

23         THE COURT:  You have the right to speedy

24   trial by jury with the right to have a lawyer defend you.

25         The right to have a lawyer defend you

1 applies no matter what.  Whether you plead guilty or go to

2 trial, even if you cannot afford to pay and hire a lawyer,

3 the Court will pay and hire a lawyer to defend you.

4     Do you understand that?

5     MR. TURNER:  Yes, sir.

6     THE COURT:  The right to speedy trial by

7 jury means you have the right to have the Court bring 50

8 or 60 United States citizens here to the courthouse who

9 are not connected with the government, not connected with

10 you and have you and your lawyer and the government

11 attorney select from that 50 or 60, 12 to act as jurors in

12 your case.

13     The jurors would sit right over to your left

14 in those chairs.  It would be their job to observe the

15 witnesses as the witness testifies from the witness stand

16 where the court security officer is standing right now.

17     You and your lawyer would be at the front

18 table to the right.  The government attorney would be at

19 the front table to the left.

20     At a trial, the jury's job is to observe the

21 witnesses as they testify, to review all the evidence and

22 at the end of the case the jury's job is to judge to

23 decide whether the government has shown that you're guilty

24 of the charge by what's called proof beyond a reasonable

25 doubt.

1          Do you understand that?

2          MR. TURNER:  Yes, sir.

3          THE COURT:  At a trial, the government

4   attorney will call witnesses.  The witnesses will come in

5   the court, take the oath and take the witness stand right

6   there as they did in the motion to suppress hearing and

7   the government attorney would come to the podium and ask

8   the witness questions, describing what occurred down on

9   the Parkway in the parking lot, what you said, what was

10  said by others, what the witnesses observed.

11         Your lawyers would have the right, one of

12  them would come to the podium and have the right to

13  question the government witness, to challenge the

14  witness's truthfulness, to point out any inconsistency in

15  the witness's testimony, to point any reason the witness

16  might have to color his or her testimony to seek to cause

17  your conviction.

18         And the government attorney would then have

19  the right to ask follow-up questions.  And all the

20  government witnesses will be presented in that fashion.

21         You have the right to present witnesses.

22  You're not required to present witnesses.  However, if

23  there are individuals in -- who have information about the

24  facts of your case that might support your defense, you

25  have the right to have your lawyer issue a court order

1   called a subpoena to require witnesses to come to court to

2   testify for you.

3          Your lawyer would then call your witness in

4   the court.  The witness would take the oath and take the

5   stand.  Your lawyer would come to the podium, and of

6   course you would be at the front table to the right and

7   ask the witness questions bringing out facts that were

8   helpful to your case, bringing out facts inconsistent with

9   the government's evidence and bringing out facts that

10  supported your defense.

11         The government attorney would have the right

12  to question your witness, to challenge the witness's

13  truthfulness, to point out any inconsistency in the

14  witness's testimony, any difference between what the

15  witness says occurred and what the government witness said

16  occurred and any reason your witness might have to color

17  his or her testimony to seek to avoid your conviction.

18         Your lawyer would then have the right to ask

19  additional questions on follow up.

20         At a trial, you're not required to speak,

21  and the judge and the jury cannot consider if you decide

22  not to speak.

23         If, however, you decide you wanted to take

24  the oath and take the stand, you'd have the right to do

25  that.  And after taking the oath and taking the stand,

then your lawyer would ask you questions, allowing you to describe in your own words what you did or did not do, what you said or did not say.

The government attorney would have the right to come to the podium and question you as well, to challenge your truthfulness, to point out any inconsistency between your testimony and the testimony of government witnesses and to point any reason you might have to seek to avoid conviction. And then you -- then, your lawyer would have the right to ask you additional follow-up questions.

At the end of the case, then the jury, those 12 people who have been sitting there would have to evaluate all the evidence, all the witnesses and evidence produced by the government, any witnesses and evidence produced by you and your testimony if you decide to testify.

And if and only if all 12 jurors agreed that the government has shown you were guilty of the charge by what is called proof beyond a reasonable doubt could a jury return a verdict of guilty.

Do you understand that?

MR. TURNER: Yes, sir.

THE COURT: If the jury thought the government evidence was insufficient or the witness

1    testimony was unreliable, or if the jury had what is
2    called a reasonable doubt, then the jury would be required
3    to find you not guilty and that would be the end of the
4    case.

5                    Do you understand that?

6                    MR. TURNER:  Yes, sir.

7                    THE COURT:  And do you understand that by
8    pleading guilty you're waiving or giving away your right
9    to trial by jury?

10                   MR. TURNER:  Yes, sir.

11                   THE COURT:  You also have the right to have
12   the case heard which the Judge, meaning me, without a
13   jury, if you agreed to it, the government attorneys agree
14   to it and I agreed to it, in which event then all the
15   witnesses would testify in front of me and at the end of
16   the case I would decide whether you were guilty or not
17   guilty.

18                   Do you understand that?

19                   MR. TURNER:  Yes, sir.

20                   THE COURT:  When you plead guilty,
21   Mr. Turner, there are limits on what you can appeal and in
22   this case, you have the right to appeal the ruling on the
23   motion to suppress.  You have the right to appeal any
24   sentence of more than ten years, and you have the right to
25   appeal the designations of Armed Career Criminal to three

1   judges of the Court of Appeals.

2               And if those three judges were persuaded to

3   reverse the case, then that would restore you back to this

4   court where we would all start at zero.

5               Do you understand that?

6               MR. TURNER:  Yes, sir.

7               THE COURT:  I have another document here,

8   Mr. Turner, called statement of facts.  This document

9   appears to be three pages long.  I'm showing it to you

10  now.  It appears to be signed on the last page by you and

11  Mr. Richman.

12              Is that your signature on page three of the

13  statement of facts?

14              MR. TURNER:  Yes, sir.

15              THE COURT:  And, have you reviewed this

16  statement of facts with your lawyers?

17              MR. TURNER:  Yes, I have.

18              THE COURT:  And, do you admit this is what

19  the facts are in your case?

20              MR. TURNER:  Yes, sir, I do.

21              THE COURT:  All right.

22              Ms. Ahmad, have you reviewed the statement

23  of facts with Mr. Turner?

24              MS. AHMAD:  Yes, Your Honor.

25              THE COURT:  And based upon your

1    investigation of the case, is the statement of facts

2    accurate?

3                    MS. AHMAD:  Yes, it is.

4                    THE COURT:  All right.

5                    Ms. Ahmad, are there any other agreements

6    that you have with the government that are not in writing?

7                    MS. AHMAD:  No, there are not.

8                    THE COURT:  All right.

9                    Mr. Barker, is this the complete agreement

10   you've entered into with the defendant in this case?

11                   MR. BARKER:  Yes, Your Honor, it is.

12                   THE COURT:  Are there any other agreements

13   that are not in writing?

14                   MR. BARKER:  No, Your Honor, there are not.

15                   THE COURT:  Is the statement of facts

16   accurate based upon the government's investigation of the

17   case?

18                   MR. BARKER:  Yes, Your Honor.

19                   THE COURT:  Thank you.

20                   All right, Mr. Turner, I've asked you a lot

21   of questions.  Have you understood my questions?

22                   MR. TURNER:  Yes, sir, I have.

23                   THE COURT:  Do you have any questions you

24   want to ask me?

25                   MR. TURNER:  No, sir, I don't.

1          THE COURT:  All right.  Well then to the

2     charge we talked about earlier, of possessing of a firearm

3     after been convicted of a crime punishable by more than

4     one year in imprisonment, to that charge, sir, how do you

5     plead, guilty or not guilty?

6               MR. TURNER:  I plead guilty, Your Honor.

7               THE COURT:  Let the record reflect the Court

8     has questioned Mr. Sherman Alan Turner and reviewed with

9     him the indictment, the plea agreement and the statement

10    of facts.

11              The Court finds Mr. Turner is competent to

12    plead.  He's informed of his rights and he understands his

13    rights.  He has been informed of the nature of the charges

14    against him, and he has been informed of the consequences

15    of his plea.  He's been informed of the maximum penalty

16    provided for by the statute and the minimum mandatory

17    sentence called for by the statute.

18              The Court finds the plea of guilty is freely

19    and voluntarily made, without any threats or coercion of

20    any kind and with the effective assistance of counsel.

21              The Court finds that Mr. Turner's statement,

22    the statement of facts accurately describes his

23    participation in the offense is more than sufficient

24    factual basis, and the Court will find the defendant

25    guilty of the offense as charged.

```
 1                    Let's select a date for sentencing.

 2                    September 4th?

 3                    MR. BARKER:  The government's able.

 4                    MS. AHMAD:  That's fine, Your Honor.

 5                    THE COURT:  All right.

 6                    MS. AHMAD:  Your Honor, actually, Mr. Turner

 7   has indicated that he would prefer September 11th.

 8                    THE COURT:  Okay.

 9                    MR. TURNER:  After the 11th, maybe.

10                    THE COURT:  All right, September 11th is

11   fine.

12                    MS. AHMAD:  I'm sorry.  I misunderstood him,

13   after the 11th.

14                    MR. TURNER:  Any day after the 11th.

15                    THE COURT:  What's happened on

16   September 11th?

17                    MR. TURNER:  My second year wedding

18   anniversary.

19                    THE COURT:  Is on the 11th?

20                    MR. TURNER:  Yes, sir.

21                    THE COURT:  Okay.  We want to preserve

22   healthy marriages so let's find another date so he could

23   have an anniversary celebration.  Let's see, hold on.

24   September 18th.

25                    MR. BARKER:  That's fine.
```

1          MR. TURNER:  Thank you, Your Honor.

2          THE COURT:  You're welcome.

3          We'll set sentencing for Friday,

4    September 18th at 9 o'clock.

5          Between now and then, Mr. Turner, you have

6    to meet with the United States probation officer so a

7    presentence report can be prepared.  And the government's

8    going to provide information to the probation officer as

9    well.

10          We will all come back to court on Friday,

11    September 18th at 9 o'clock for sentencing.

12          Now, I have another document here,

13    Mr. Turner.  It's called consent order forfeiture and this

14    deals with the gun and the ammunition, and you signed it.

15          Is that your signature on this order for

16    consent order forfeiture?

17          MR. TURNER:  Yes, sir.

18          THE COURT:  All right.  Then I'll going to

19    enter this order right now forfeiting the gun.

20          All right.  We're in recess.  Thank you.

21          (Proceeding concluded at 11:51 a.m.)

22

23

24

25

1

2                        CERTIFICATE OF REPORTER

3

4            I, Renecia Wilson, an official court reporter

5    for the United State District Court of Virginia,

6    Alexandria Division, do hereby certify that I reported by

7    machine shorthand, in my official capacity, the

8    proceedings had upon the plea in the case of United States

9    of America vs. Sherman Alan Turner.

10           I further certify that I was authorized and

11   did report by stenotype the proceedings and evidence in

12   said plea, and that the foregoing pages, numbered 1 to 22,

13   inclusive, constitute the official transcript of said

14   proceedings as taken from my shorthand notes.

15           IN WITNESS WHEREOF, I have hereto subscribed

16   my name this 18th day of February , 2010

17

18           _____

                     Renecia Wilson, RMR, CRR
19                   Official Court Reporter

20

21

22

23

24

25