# EXHIBIT 4-A

**3318 N Street, N.W.**
**Washington, D.C 20007**

24 April 2013

Ronald L. Rodgers
Office of the Pardon Attorney
1425 New York Avenue, N.W.
Suite 11000
Washington, D.C. 20530

Dear Mr. Rodgers:

I am a retired federal judge who served more than 15 years on the U.S. District Court for the District of Columbia. I write in support of Sherman Turner's application for commutation of his 15-year mandatory sentence, and specifically to recommend that your office ask the sentencing judge what sentence he would have imposed if he had not felt constrained by the Armed Career Criminal Act.

Everybody appears to agree that, but for ACCA, the advisory Guidelines range for Mr. Turner's offense was 27 to 33 months. Everyone agrees as well that, were it not for Fourth Circuit precedent that required Judge Lee to find "larceny from a person" to be a violent felony _as a matter of law_, ACCA would not have applied. Yet there is no evidence in the record before your Office that Mr. Turner's first felony offense (30 years ago) was violent _as a matter of fact_. It appears, indeed, that he was waiting in a car outside a store when his former classmate lifted a purse. As Mr. Turner's application demonstrates, in at least 29 and perhaps as many as 33 states such an offense has no violence element – and thus would not be a predicate offense under ACCA.

The Supreme Court's denial of _certiorari_ in Mr. Turner's case means of course that the Court is not ready to undertake a sweeping review of what Justice Scalia called "the ACCA farce" that allows lower courts to "give free rein to their own feeling as to what offenses should be considered crimes of violence," but that is exactly why the Office of the Pardon Attorney should look carefully at individual deserving cases as they appear. This case is surely one that deserves close attention.

Sincerely,

James Robertson
U.S. District Judge (ret.)